IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CRISTA NOEL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| RECEIVABLES PERFORMANCE | ) |
| MANAGEMENT, LLC, | ) |
| | ) |
| Defendant. | ) |

**COMPLAINT**

**INTRODUCTION**

1. Plaintiff Crista Noel brings this action to secure redress from unlawful practices engaged in by defendant Receivables Performance Management, LLC.

2. Plaintiff alleges violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA"), and the Illinois Consumer Fraud Act, 815 ILCS 505/2 ("ICFA").

3. The TCPA restricts the use of automated equipment to dial cellular telephones.

4. The ICFA prohibits unfair acts and practices in trade and commerce.

**VENUE AND JURISDICTION**

5. This Court has subject matter jurisdiction under 28 U.S.C. §§1331, 1337 and 1367. *Mims v. Arrow Financial Services, LLC*, 132 S. Ct. 740, 751-53 (2012); *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446 (7th Cir. 2005).

6. Venue and personal jurisdiction in this District are proper because:

    (1) Defendant's collection communications were received by plaintiff within this District;

    (2) Defendant transacts business within this District.

**PARTIES**

7. Plaintiff Crista Noel is an individual who resides in the Northern District of Illinois.

8. Defendant Receivables Performance Management, LLC ("RPM") is a limited liability company organized under the laws of the State of Washington. RPM maintains its principal business address at 20816 44th Avenue West, Lynnwood, WA. It does business in Illinois. Its registered agent and office is CT Corporation Systems, 208 S. LaSalle Street, Suite 814, Chicago, IL 60604.

9. RPM is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

10. RPM is a debt collector as defined in the FDCPA.

**FACTS**

11. During early 2014, plaintiff received calls to her cell phone from RPM, who was apparently attempting to collect a debt.

12. Plaintiff felt harassed by the calls to her cell phone, especially since she sometimes used the line for business calls, and therefore asked RPM's representatives to stop calling, but the calls continued.

13. After plaintiff asked that the calls be stopped, plaintiff received multiple auto-dialed collection calls to her cell phone from RPM. When plaintiff answered the calls, a recorded message came on her line, but when she followed the prompts in the messages, the calls were disconnected.

14. Plaintiff estimates she received more than 30 autodialed calls in total from defendant on her cell phone. On one occasion, she received three calls in one day from RPM.

15. On information and belief, the number 804-234-9019 is used by RPM.

16. Plaintiff did not authorize the automated placement of calls to her cell phone.

17. Plaintiff is entitled to statutory damages.

18. Defendant violated the TCPA even if its actions were only negligent.

19. Defendant should be enjoined from committing similar violations in the future.

### COUNT I – TCPA

20. Plaintiff incorporates paragraphs 1-19.

21. The TCPA, 47 U.S.C. §227, provides:

    **§ 227. Restrictions on use of telephone equipment**

    **. . . (b) Restrictions on use of automated telephone equipment.**

    **(1) Prohibitions. It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States–**

    **(A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice–**

    **(iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call; . . .**

22. The TCPA, 47 U.S.C. §227(b)(3), further provides:

    **Private right of action.**

    **A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State–**

    **(A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,**

    **(B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or**

    **(C) both such actions.**

    **If the Court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under the subparagraph (B) of this paragraph.**

23. Defendant violated the TCPA by placing automated calls to plaintiff's cell phone.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and against defendant for:

      (1)    Statutory damages;

      (2)    An injunction against further violations;

      (3)    Costs of suit;

      (4)    Such other or further relief as the Court deems just and proper.

## COUNT II – ILLINOIS CONSUMER FRAUD ACT

24. Plaintiff incorporates paragraphs 1-19.

25. Defendant engaged in unfair acts and practices, in violation of ICFA § 2, 815 ILCS 505/2, by engaging in the conduct set forth above.

26. Defendant's conduct is contrary to public policy, as set forth in the TCPA.

27. Defendant's conduct is harassing and oppressive.

28. Plaintiff suffered damages as a result of receipt of the messages, in the form of the consumption of message units and memory.

29. Defendant engaged in such conduct in the course of trade and commerce.

30. Defendant should be enjoined from committing similar violations in the future.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and against defendant for:

      (1)    Appropriate compensatory, nominal and punitive damages;

      (2)    An injunction against further violations;

      (3)    Attorney's fees, litigation expenses and costs of suit;

      (4)    Such other or further relief as the Court deems just and proper.

      /s/ Daniel A. Edelman
      Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Tara L. Goodwin

EDELMAN, COMBS, LATTURNER & GOODWIN, L.L.C.
20 S. Clark Street, Suite 1500
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)
tgoodwin@edcombs.com
courtecl@edcombs.com

## VERIFICATION

The undersigned declares under penalty of perjury, as provided for by 28 U.S.C. §1746, that the facts stated in the foregoing complaint are true to the best of her knowledge and belief.

_____
Crista Noel

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

                                                s/ Daniel A. Edelman
                                                Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
& GOODWIN, LLC
20 S. Clark St., Ste. 1500
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

## **DOCUMENT PRESERVATION DEMAND**

Plaintiff hereby demands that defendant take affirmative steps to preserve all recordings, data, documents, and all other tangible things that relate to plaintiff, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with plaintiff, and any account or number or symbol relating to them. These materials are likely very relevant to the litigation of this claim. If defendant is aware of any third party that has possession, custody, or control of any such materials, plaintiff demands that defendant request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the defendant.

<u>s/ Daniel A. Edelman</u>
Daniel A. Edelman

T:\29766\Pleading\Complaint_Pleading.WPD